## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

IN RE:                                          )
                                                )
WILLIAM JOHN DREILING and                       )      Case No. 05-64189
LINDA WAGNER DREILING,                          )
                                                )
                    Debtors.                    )

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIM NO. 6

The Chapter 7 Trustee objects to Claim Number 6, filed by Joseph and Diane Vader, in which the Vaders assert a claim in the amount of $24,614 secured by the Debtors' interest in a Kansas limited liability company known as Dreiling Arms Associates, L.L.C. (the "LLC"). The Trustee does not dispute the amount of the claim; rather, he asserts the Vaders do not have a valid and perfected security interest in the Debtors' ownership interest in the LLC and, therefore, the claim is unsecured. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons that follow, the Trustee's Objection will be SUSTAINED.

The Debtors own a one-third interest in the LLC, the primary asset of which consists of two buildings located on 6.44 acres in Junction City, Kansas. On November 17, 2006, the Court entered an Order approving the Trustee's sale of the Debtors' one-third interest in the LLC's apartment building for one-third of the total sale price of $1,110,000.

The Vaders assert a claim in the amount of $24,614, secured by the Debtors' interest in the LLC (and hence the Debtors' share of the proceeds from the sale). They assert their claim is secured by virtue of an Agreement and Assignment of Interest in Dreiling Arms Associates, L.L.C. (the "Assignment") executed by the Debtors and the Vaders on October

28, 2004. The Assignment provides, in relevant part, that the Debtors "hereby assign to [the Vaders] a security interest in their ownership shares of Dreiling Arms Associates, L.L.C., in the amount of $24,614.00, plus interest from August 25, 2004, at the rate of 7.5% per annum."[1] It further provides:

> The undersigned acknowledge and understand that this assignment gives to the [Vaders] a sufficient security interest in the [Debtors'] ownership of Dreiling Arms Associates, L.L.C. to allow the [Vaders] to receive the $24,614.00, plus interest from August 25, 2004, from the proceeds of any sale of the [Debtors'] share of the Dreiling Arms Associates, L.L.C. or from the sale of the [Debtors'] share of assets of Dreiling Arms Associates, L.L.C.

Section 544 of the Bankruptcy Code gives the trustee the status of the perfect lien creditor as to the debtor's assets at the commencement of the bankruptcy case.[2] The extent of a trustee's rights and powers as a lien creditor are measured by the substantive law of the jurisdiction governing the property in question.[3] The LLC is a Kansas limited liability company, and so Kansas law governs.

The Vaders point to § 17-76,112 of the Kansas Statutes, which provides, in relevant part, that "[a] limited liability company interest is assignable in whole or in part except as provided in an operating agreement."[4] At the hearing on the Trustee's Objection, the Vaders asserted that the Debtors assigned to them a portion of their ownership interest in the LLC,

---

[1] I note that the Vaders' Proof of Claim did not seek any interest.

[2] 11 U.S.C. § 544; *In re TMIC Indus. Cleaning Co.*, 19 B.R. 397, 399 (Bankr. W.D. Mo. 1982).

[3] *Id.* (quoting 4 Collier on Bankruptcy ¶ 544.02 (15th ed.)).

[4] Kan. Stat. Ann. § 17-76,112 (2000).

2

which, they assert, was valid under § 17-76,112.

However, the language of the Assignment does not purport to assign the Debtors' *ownership interest* in the LLC to the Vaders; rather, it purports to assign or create *a security interest* in the Debtor's one-third ownership interest in it.  Since there has been no allegation that the Debtors possessed a security interest in the LLC (as opposed to an ownership interest) which they could then assign to the Vaders, I find that the Assignment attempts to grant to the Vaders a security interest in the Debtors' one-third ownership interest in the LLC.  Consequently, because § 17-76,112 relates to the assignment of a person's ownership or equity interest in a limited liability company, as opposed to the creation of a security interest in such an ownership interest, it is not applicable here.

Thus, the questions here are whether the Assignment validly created a security interest and, if so, whether the security interest was properly perfected.  Pursuant to § 17-76,111 of the Kansas Statutes, the Debtors' interest in the LLC is "personal property."[5]  The creation and perfection of a security interest in it is, therefore, governed by the Uniform Commercial Code.  If the Debtors' interest in the LLC is a "security," then it is governed by Article 8 of the UCC; if it is a "general intangible," it is governed by Article 9.

Section 84-8-103(c) of the Kansas Statutes provides:

> An interest in a partnership or limited liability company is not a security unless it is dealt in or traded on securities exchanges or in securities markets, its terms expressly provide that it is a security governed by this Article, or it is an investment company security. However, an interest in a partnership or limited

---

[5]  Kan. Stat. Ann. § 17-76,111.

3

liability company is a financial asset if it is held in a securities account.[6]

Under this provision, an interest in a partnership or limited liability company is not a "security" under Article 8 unless (a) it is dealt in or traded on securities exchanges or in securities markets, (b) it is an "investment company security" as defined in Section 8-103(b) (*i.e.*, a share or similar equity interest issued by an investment company registered under the federal investment company laws); or (c) its terms expressly provide that it is a security governed by Article 8. Alternatively, if such an interest is held in a securities account, it would constitute a "financial asset" under Article 8.[7]

The Vaders offered no evidence that any of the interests in the LLC are dealt or traded on securities exchanges or in securities markets, or that the LLC is an investment security company security, or that it is held in a securities account. Further, the LLC's operating agreement was not offered into evidence at the hearing, so there is no evidence that the terms of such agreement provide that it is a security governed by Article 8. Consequently, I find that the Debtors' interest in the LLC is not a security or financial asset.

Generally, a limited liability company interest that is not a security under § 8-103(c) or held in a securities account is a "general intangible."[8] The term "general intangible" is

---

[6] Kan. Stat. Ann. § 84-8-103(c).

[7] *See* David R. Keyes & Gail Merel,, *Supplement No. 2 to the Report of the Legal Opinions Committee Regarding Legal Opinions in Business Transactions*, 37-SPG Tex. J. Bus. L. 1, 16 (Spring, 2001).

[8] *See* James D. Prendergast & Keith Pearson, *How to Perfect Equity Collateral Under Article 8*, 20 No. 6 Prac. Real Est. Law. 33, 35 (Nov. 2004) ("Generally, an equity interest in a limited liability company . . . is a general intangible and not a security for purposes of Article 8

defined as:

> any personal property, including things in action, other than accounts, chattel
> paper, commercial tort claims, deposit accounts, documents, goods,
> instruments, investment property, letter-of-credit rights, letters of credit,
> money, and oil, gas, or other minerals before extraction. The term includes
> payment intangibles and software.[9]

"General intangible" is considered to be the residual category of personal property that is not

included in the other defined types of collateral.[10] The Debtors' interest in the LLC is a

general intangible unless it included in another type of collateral defined elsewhere in the

UCC, or fits within one of the excepted items listed, the only relevant possibility here being

"investment property." That term is defined as "a security, whether certificated or

uncertificated, security entitlement, securities account, commodity contract, or commodity

account."[11] As discussed above, the Debtors' interest in the LLC is not a security, nor do the

Vaders suggest it is any of these other listed types of investment property. Accordingly, it

is a general intangible, subject to the rules of perfection and priority for general intangibles

contained in Article 9.

According to § 9-203 of the UCC, "[a] security interest attaches to collateral when it

---

or investment property for purposes of Article 9."); Joseph B.C. Kluttz, David Line Batty & V.
Nicole Nichols, *How to be Secure When Your Collateral is a Security: A guide to the Creation
and Perfection of Security Interests in Investment Property under the 1994 Revisions to the
Uniform Commercial Code*, 4 N.C. Banking Inst. 183 n. 9 (April 2000) (the general rule is that
ownership interests in limited liabilitiy companies are general ingangibles).

[9] Kan. Stat. Ann. § 84-9-102(a)(42).

[10] Uniform Commercial Code § 9-102, cmt. 4.d.

[11] Kan. Stat. Ann. § 84-9-102(a)(49).

becomes enforceable against the debtor with respect to the collateral, unless an agreement expressly postpones the time of attachment."[12]  The Vaders presented no evidence regarding the enforceability of their security interest as defined in § 84-9-203(b), particularly as to whether the Debtors had the power to transfer their rights in their LLC interest, as required in § 84-9-203(b)(2).  Nevertheless, for these purposes, I will presume that the Vaders had a valid security interest, that it was enforceable pursuant to § 84-9-203(b), and that it therefore attached to the Debtors' interest in the LLC when the Assignment was executed.  It is not necessary for me to ultimately decide those issues, however, because I find that, assuming the Vaders had a lien, any such lien was not properly perfected.

Because the Debtors' interest in the LLC is a general intangible, the Vaders were required to file a financing statement in order to perfect their security interest in it.[13]  The Vaders concede they did not file a financing statement because, as discussed above, they believed the Assignment assigned to them an ownership interest in the LLC, as opposed to creating a security interest.  However, as discussed above, this belief is contrary to the actual language in the Assignment.  Their lien, therefore, is not perfected.  Since their lien was not validly perfected, the Trustee takes the interest in the LLC and may liquidate it for the benefit of all unsecured creditors, including the Vaders.

ACCORDINGLY, the Trustee's Objection to Claim No. 6 is SUSTAINED.  Claim No. 6 will be allowed in the amount of $24,614 as a general unsecured claim.

---

[12]  Kan. Stat. Ann. § 84-9-203(a).

[13]  Kan. Stat. Ann. § 84-9-310(a).

6

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: January 18, 2007

Attorney for movant to serve parties not receiving electronic notice